### In re David W. Duhamel

[310 A.2d 16]

No. 153-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 2, 1973

*Robert Edward West,* Defender General, and *George E. Rice, Jr.,* Deputy Defender General, for Plaintiff.

*Patrick J. Leahy,* State's Attorney, for the State.

**Smith, J.** The defendant, David W. Duhamel, pleaded guilty to armed robbery in violation of 13 V.S.A. § 603, and was sentenced to a term of zero (0) years to six (6) years on April 21, 1971. Defendant brought a petition for review under the provisions of 13 V.S.A. § 7173 to the Chittenden County Court while under imprisonment. The principal contention of the defendant was that the court was without jurisdiction to sentence the defendant since 13 V.S.A. § 603 was repealed, effective April 1, 1972. The defendant also claimed that he was denied the effective assistance of counsel guaranteed to him by the Sixth Amendment to the United States Constitution and to due process of law as guaranteed to him under the Fourteenth Amendment to the United States Constitution. The lower court granted the petition of the defendant on the ground that the court was without jurisdiction to sentence the defendant since 13 V.S.A. § 603 was repealed, effective April 1, 1972. Both the defendant and the State have taken appeals to this Court. The question of the effect of the repeal of 13 V.S.A. § 603 is the same as that presented in *State* v. *Matthews,* 131 Vt. 521, 310 A.2d 17 (1973), and *In re Chamberlain,* 131 Vt. 540, 310 A.2d 21 (1973), at this term of Court. The disposition of those cases is controlling here. It follows that the lower court was in error in its determination of the question presented.

The defendant, in his petition for review, also alleged that his conviction should be vacated as a result of the trial court's failure to advise him of the elements of the crime for which he was charged. Defendant also claims that his plea of guilty was made in reliance of a promise on the part of the prosecutor that he would recommend a sentence of zero to three

years. Also asserted is that the trial court either abused its discretion at the time of sentencing or was not aware of mitigating circumstances which would result in a decreased sentence.

The State contends that such finding disposes of defendant's claim that the prosecutor failed to keep his promise on sentence recommendation. For the reason that such finding is supported by the record before us, it is affirmed and defendant's exception is denied.

However, the lower court, in its order, stated:

> "And it is further ordered that in view of the aforesaid findings of fact and conclusions of law and order that it is unnecessary for the Court herein to consider the other allegations contained in the Petitioner's petition for review, and hence such allegations have not been considered."

It is obvious that the lower court, having set aside the sentence received by the defendant, did not consider it necessary to pass upon the further allegations of error raised by the defendant in his petition for review. For the reason that the lower court was in error in setting aside the sentence of the defendant, *State* v. *Matthews, supra,* the defendant is entitled to a hearing to consider the other allegations of his petition, previously not considered by the court.

*Reversed and remanded.*