## In re Gerald R. Chamberlain

[310 A.2d 21]

No. 187-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 2, 1973

*Robert Edward West,* Defender General, and *George E. Rice, Jr.,* Deputy Defender General, for Plaintiff.

*Patrick J. Leahy,* State's Attorney, for the State.

**Shangraw, C.J.** The factual situation and the legal issues present in this case are akin to those reported in *State* v. *Matthews,* 131 Vt. 521, 310 A.2d 17 (1973), decided by this Court at this Term.

The defendant was arraigned on March 23, 1972, in District Court of Vermont, Unit No. 2, Chittenden Circuit, on a charge of armed robbery, in violation of 13 V.S.A. § 603, and entered a plea of not guilty.

On April 12, 1972, defendant again appeared before the court with his assigned counsel. The original charge was amended to one of assault with intent to rob, in violation of 13 V.S.A. § 605. Defendant pleaded guilty to the amended charge and following a presentence investigation, was sentenced on May 23, 1972, to serve not less than three nor more than six years at the Vermont State Prison in Windsor, Vermont, with credit for days incarcerated from date of arrest.

To summarize, the defendant committed the alleged offense which was a statutory violation when committed. 13 V.S.A. § 605. The statute was repealed April 5, 1972. By the complaint as amended, he was charged with the violation, pleaded to it, and was sentenced, all after the foregoing statute was repealed.

Subsequently, the defendant filed a petition for post-conviction relief with the Chittenden County Court under 13

V.S.A. § 7131. Defendant claimed, among other things, that the trial court was without jurisdiction to sentence him. On hearing, the petition was narrowed to the sole claim that 1 V.S.A. § 214 forbade punishment of defendant under the circumstances. He sought to have the sentence vacated. The remaining grounds alleged in the petition were waived.

Findings of fact and conclusions of law were prepared by the court and filed. The trial court disagreed with defendant's contentions and by order dated October 2, 1972, denied the petition. Defendant has appealed to this Court for review.

We find no facts or claims in the case at bar sufficient to distinguish it from the *Matthews* case, *supra.* Our disposition of the issues presented in that case controls here. The order of the Chittenden County Court denying the motion for post-conviction relief must be affirmed.

*Affirmed.*