# State of Vermont v. Bernard F. Matthews

[310 A.2d 17]

No. 100-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 2, 1973

*Kimberly B. Cheney*, Attorney General, and *William O. Wuester*, Assistant Attorney General, for the State.

*Robert Edward West*, Defender General, and *George E. Rice, Jr.*, Deputy Defender General, for Defendant.

**Shangraw, C.J.** On May 16, 1971, the Addison County State's Attorney issued an information charging the defendant with aiding and abetting armed robbery, in violation of 13 V.S.A. § 605. Defendant was arrested, arraigned and pleaded not guilty. On April 5, 1972, eleven months after the arrest of

the defendant, 13 V.S.A. §§ 601–607 were repealed by Public Act No. 222, 1971 (1972 Adjourned Session).

On April 25, 1972, defendant was tried and convicted as charged and later sentenced to serve not less than three nor more than ten years at the Vermont State Prison.

Subsequent to sentencing, defendant filed a Notice of Appeal to this Court. He is presently serving the sentence imposed by the trial court.

It is defendant's contention that by reason of the repeal of 13 V.S.A. § 605 prior to the date of trial, conviction and sentence, he is entitled to immediate release. This question turns upon the interpretation of our "saving clause" statute, 1 V.S.A. § 214, which reads:

"214. Effect of amendment or repeal

(a) The amendment or repeal of an act or of a provision of the Vermont Statutes Annotated shall not revive an act or statutory provision which has been repealed.

(b) The amendment or repeal of an act or statutory provision, except as provided in subsection (c) of this section, shall not:

(1) Affect the operation of the act or provision prior to the effective date of the amendment or repeal thereof;

(2) Affect any right, privilege, obligation or liability acquired, accrued or incurred prior to the effective date of the amendment or repeal;

(3) Affect any violation of the act or provision amended or repealed, or any penalty or forfeiture incurred thereunder, prior to the effective date of the amendment or repeal;

(4) Affect any suit, remedy or proceeding to enforce or give effect to any right, privilege, obligation or liability acquired, incurred or accrued under the amended or repealed provision prior to the effective date of the amendment or repeal; and the suit, remedy or proceeding may be instituted, prosecuted or continued as if the act or provision had not been repealed or amended.

(c) If the penalty or punishment for any offense is reduced by the amendment of an act or statutory pro-

vision, the same shall be imposed in accordance with the act or provision. as amended unless imposed prior to the date of the amendment.—Amended 1969, No. 207 (Adj. Sess.), § 4, eff. March 24, 1970."

Vermont, like many jurisdictions, enacted the foregoing type of legislation in the 19th century. At common law, the repeal of a criminal statute abated all prosecutions which had not reached final disposition. To avoid such results, legislatures frequently indicated an intention not to abate pending prosecutions by including in the repealing statute a specific clause stating that prosecutions of offenses under the repealed statute were not to be abated. Whether the legislature passed general provisions to prevent dissolution of pending proceedings or included a saving provision in the repealing law itself, the effect is the same. See generally, *Today's Law and Yesterday's Crime; Retroactive Application of Ameliorative Criminal Legislation,* 121 U. Pa. L. Rev. 120, 121–30 (1972); *Criminal Law-Retrospective Application of Statute Reducing Penalty,* 18 Wayne L. Rev. 1157, 1158 (1972).

▇ Under a saving clause or statute the statutory rights and penalties are determined by the statute in effect at the time of the occurrence of the facts and may be enforced after repeal if the underlying facts are proved. *Central Vermont Medical Center, Inc.* v. *Town of Plainfield,* 128 Vt. 557, 560, 268 A.2d 788 (1970); *Harris* v. *Town of Townshend,* 56 Vt. 716 (1883); *Thayer* v. *Glynn,* 93 Vt. 257, 261, 106 A. 834 (1919).

▇▇ The general rule of statutory construction is to effectuate the intent of the legislature. *Villeneuve* v. *Town of Underhill,* 130 Vt. 446, 452, 296 A.2d 192 (1972). The intent of the legislature must be ascertained from the act as a whole, its effect and consequences. *In re Preseault,* 130 Vt. 343, 347, 292 A.2d 832 (1972). The definitive source of that intent is the language of the statute. *Hambley* v. *Town of St. Johnsbury,* 130 Vt. 204, 206–07, 290 A.2d 18 (1972).

In resolving the issue before us attention is directed to § 214(b)(3), which specifies that—"The amendment or repeal of an act or statutory provision, except as provided in subsection (c) of this section, shall not:

524

(3) Affect any violation of the act or provision amended or repealed, or any penalty or forfeiture incurred thereunder, prior to the effective date of the amendment or repeal;"

The foregoing language covers the situation in the instant case.

■ Defendant contends that no liability was incurred by him prior to sentence. He claims that "incurred" means, in connection with his "penalty", the date of sentencing, and that a criminal penalty is only "incurred" at the time of sentencing. We disagree. Criminal liability is incurred when the criminal act is committed. In construing a saving clause statute nearly identical in wording to 1 V.S.A. § 214(b) (3), the Massachusetts Supreme Court in the case of *Patrick* v. *Commissioner of Correction*, 352 Mass. 666, 227 N.E.2d 348, 351 (1967), came to the following conclusion to which we subscribe.

"[W]e have decided that a 'punishment, penalty, or forfeiture' is 'incurred' . . . at the time the offense . . . is committed."

Of like import, see 50 Am.Jur. *Statutes* § 573; *Bradley* v. *United States*, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973); *People* v. *Bilderback*, 9 Ill.2d 175, 137 N.E.2d 389 (1956); *Sievers* v. *Disque*, 102 Colo. 39, 76 P.2d 1108, 1109 (1938).

■ Defendant's penalty was "incurred" when he committed the act. This accords with the long established Vermont tradition of "saving", through a saving clause or statute, all statutory rights and penalties created by a completed set of factual circumstances.

Defendant further contends that the court had no jurisdiction to sentence him under § 605. He relies on § 214 and especially § 214(c) to support this contention. He urges that § 214, although not specifically stating that a criminal respondent shall not be punished when the violated statute is repealed, can only be interpreted in that light. In that § 214(c) provides for a lesser penalty when a statute is amended, he claims that there should be no penalty when such a statute is repealed.

As we view § 214(b)(3) the violation of any act, or any penalty or forfeiture incurred therefor, remains unaffected by amendment or repeal unless, as provided by subsection (c), the penalty or punishment is reduced by amendment. Subsection (c) relates only where the penalty or punishment for any offense is reduced by the amendment of any act or statutory provision, and not to a repealed statute, such as here.

By the absence of an amendment reducing the penalty or punishment, such as here, we hold that the legislative intent of the saving statute, § 214, was to preserve the right of prosecution and sentence in this case, and not to exculpate him by reason of the repeal of the criminal statute § 605. The narrow exception contained in subsection (c) does not apply in this case.

1 V.S.A. § 214 evidences a legislative intent to continue the criminal responsibility and penalty attaching to the forbidden conduct, even though the statute, § 605, is repealed. No other conclusion can be distilled from a reasonable interpretation of § 214 considered in its entirety, and more particularly § 214(b)(3).

The conviction and sentence of the defendant must be affirmed.

*Affirmed.*