### In re Fayette and Mildred Dunn

[310 A.2d 22]

No. 8-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 2, 1973

*Alan B. George, Esq.,* of *Ryan, Smith & Carbine,* Rutland, for Plaintiff.

*Carmody, Whalen & O'Dea,* Manchester, for Defendant.

**Keyser, J.** This appeal relates to the 1971 appraisal of appellants' real estate by the listers of the Town of Dorset

for local tax purposes. The board of civil authority, on appeal, sustained the appraised valuation of the listers and so notified appellants' attorneys on August 9, 1971. The appellants, as authorized by law, appealed this decision to the Bennington County Court by notice of appeal dated August 23, 1971.

On June 28, 1972, the presiding judge of the county court heard the matter *de novo* as provided by 32 V.S.A. § 4467 and by its findings of fact dated October 5, 1972, determined that the fair market value of appellants' real property was $200,000. It also found as a matter of law that this value "shall apply only for the year 1971."

Section 4468 (32 V.S.A.) provided at the time appellants took their appeal from the decision of the board of civil authority to county court, as follows:

"The commissioner or clerk of the court shall forward by certified mail one copy of the determination to the taxpayer and one copy to the town clerk, who shall record the same in the book in which the appeal was recorded under section 4462 of this title, and the appraisal so fixed by the commissioner or court shall become the basis for the grand list of such taxpayer for the year in which the appeal is taken and, if the appraisal relates to real estate, for the two next ensuing years. The appraisal, however, may be changed in the ensuing two years if the taxpayer's property is materially altered, changed or damaged."

The legislature in 1971 rephrased this statute by No. 185, § 221 (Adj. Sess.), effective March 29, 1972. The amendment deleted any reference in § 4468 to the "clerk of the court" or "court." The provision that the appraisal of real estate fixed by the court "shall become the basis for the grand list of the taxpayer for the year in which the appeal is taken and . . . for the two next ensuing years" then applied only to appraisals fixed by the commissioner of taxes. Later by No. 106, § 12, Acts of 1973, this deletion was reinstated in § 4468.

The appellants state the issue is whether the value of their property as determined and fixed by the court for 1971 is the basis of their grand list only for the year 1971 or whether

it is the basis for the years 1971, 1972 and 1973. On the other hand, the appellee claims the court was required to follow § 4468 as it existed at the time the case was decided by the court on October 5, 1972.

The appellee apparently has given no consideration to the Vermont Saving Clause statute, 1 V.S.A. § 214. The pertinent part provides as follows:

"(b) The amendment or repeal of an act or statutory provision, except as provided in subsection (c) of this section, shall not:

(1) Affect the operation of the act or provision prior to the effective date of the amendment or repeal thereof; ....

(4) Affect any suit, remedy or proceeding to enforce or give effect to any right, privilege, obligation or liability acquired, incurred or accrued under the amended or repealed provision prior to the effective date of the amendment or repeal; and the suit, remedy or proceeding may be instituted, prosecuted or continued as if the act or provision had not been repealed or amended."

This statute clearly protects the remedy and proceedings of the appellants as they existed before the amendment to 32 V.S.A. § 4468, which was not effective until March 29, 1972. See *State* v. *Matthews*, 131 Vt. 521, 310 A.2d 17 (1973).

At the time appellants' right accrued, 32 V.S.A. § 4467 provided as follows:

"Upon the appeal to the board of appraisers or the court of Chancery, the board or court shall proceed *de novo* and determine the correct valuation of the property as promptly as practicable. The board or court shall take into account the requirements of law as, to valuation, and the provisions of Chapter I, Article 9 of the Constitution of Vermont and the 14th Amendment to the Constitution of the United States. If the board or court finds that the listed value of the property subject to appeal does not correspond to the listed value of comparable properties within the town, the board or court shall set said property in the list at a corresponding value."

The authority granted the court by that statute was to proceed *de novo* and, as therein required, determine the correct valuation of appellants' property. It thus was the duty of the court under the statute to find the appraisal for the year 1971. This is exactly what it did by its judgment order. The word "only" appears solely as a finding in the court's conclusions of law and is not included as a part of the judgment order. The word "only" is surplusage and is of no operative effect.

The statute gave no power to the court to order the listers to fix their appraisal on the basis of the valuation which it had determined. The operation of the statute was automatic, and the court was called upon to make the determination it did by its judgment order.

*Judgment affirmed.*