## State of Vermont v. Roger D. Senna

[321 A.2d 5]

No. 162-72

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed June 4, 1974

*John A. Howard,* State's Attorney, for the State.

*Swainbank, Gensburg & Morrissette,* St. Johnsbury, for Defendant.

**Smith, J.** The appellant, on August 19, 1971, was charged by information with breach of the peace by beating and assaulting two individuals in the Town of Glover, Vermont, on June 19, 1971. On April 3, 1972, the appellant was tried and convicted of the offense charged and was sentenced to a term of imprisonment for five years. On the appellant's motion to review sentence in the District Court, held on August 27, 1973, the sentence was reduced by the District Court of Vermont, Unit No. 4, Orleans Circuit, to a term of imprisonment not to exceed one year. It is the argument of the appellant here that 13 V.S.A. § 1023 was amended in its penalty provision with an effective date of April 5, 1972. The appellant's position is that 13 V.S.A. § 1023, as amended, imposes no penalty for the crime of breach of peace by assault. He asserts that although the offense with which he was charged occurred prior to the enactment of 13 V.S.A. § 1023, as amended, that such section would govern any penalty imposed upon him and that such statute does not provide a penalty for the offense charged.

The questions attempted to be raised by the appellant are answered by the recent decision of this Court in *State* v. *Matthews,* 131 Vt. 521, 310 A.2d 17 (1973). Here, as in *Matthews,* the criminal act was committed prior to the time the

statute in question was amended. "Criminal liability is incurred when the criminal act is committed." *State* v. *Matthews, supra,* 131 Vt. at 524. Defendant's penalty was incurred when he committed the act. Vermont has a "saving clause" statute in 1 V.S.A. § 214, as was pointed out in *Matthews, supra,* 131 Vt. at 523:

> Under a saving clause or statute, the statutory rights and penalties are determined by the statute in effect at the time of the occurrence of the facts and may be enforced after repeal if the underlying facts are proved.

It follows that the lower court acted within its statutory power in imposing its original sentence of five years imprisonment on the appellant. The fact that upon a motion to review sentence the lower court reduced the term of imprisonment to not more than one year resulted in a benefit to the appellant for which he should have no complaint here.

*Judgment affirmed.*