226 N.J. Super. 513 (1988)
545 A.2d 182
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GEORGE L. NAGLE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 7, 1988.
Decided June 30, 1988.
*514 Before Judges R.S. COHEN and LANDAU.
Michael E. Wilbert argued the cause for appellant (Wilbert & Montenegro, attorneys).
Samuel J. Marzarella argued the cause for respondent (James W. Holzapfel, Ocean County Prosecutor, attorney).
The opinion of the court was delivered by R.S. COHEN, J.A.D.
*515 Defendant was indicted for aggravated sexual assault and sexual assault by sexually penetrating a child less than 13 years old and committing sexual contact with the child. N.J.S.A. 2C:14-2a(1) and 2C:14-2b. At the time the offenses were allegedly committed, the statute of limitations barred indictment after the passage of five years. N.J.S.A. 2C:1-6b(1). Within one or two months before the passage of those five years, the statute was amended to extend the permitted time to indict for violations of N.J.S.A. 2C:14-2 and 2C:14-3 when the victim at the time of the offense is below the age of 18 years. L. 1986, c. 166. Under the amended statute, indictment is barred after five years or after two years of the date the victim attains age 18, whichever is later. N.J.S.A. 2C:1-6b(4).
Defendant moved to dismiss the indictment, arguing that it was barred by the applicable statute of limitations. The Law Division denied the motion. We granted defendant's motion for leave to appeal, and now affirm.
Defendant makes two arguments before us. The first is that the statute should not be retroactively applied. The second is that, if retroactively applied, the statute violates the constitutional guarantees against ex post facto laws.
In our view the amendment was meant to apply to crimes already committed. That is because the Legislature's purpose was to remedy what it saw as a serious problem arising in the prosecution of sexual crimes with young victims. There was no reason to reserve the remedy for future crimes, and continue to burden the prosecution of crimes already committed with the targeted defect. The Senate's Statement accompanying the original bill said:
Present law requires prosecution of these crimes to be commenced within five years after commission. Unfortunately some of the victims of these heinous crimes are so young, that they are unable to understand the nature of the crimes perpetrated against them within that time. This bill enables the victim to mature and understand the criminal nature of the actions prior to prosecution.
*516 Signing the bill into law, the Governor expressed the same view:
This legislation is designed to address a problem encountered in prosecuting cases involving sexual assault on a minor. In some cases, young victims are not able to understand the nature of a sexual offense, or are afraid to reveal the incident at the time. This bill allows victims the time to understand the effects of the criminal conduct and decide whether to file a complaint.
Other states have recently extended their limitations on prosecutions for child sexual abuse for the same reasons. See State v. Hodgson, 108 Wash.2d 662, 740 P.2d 848 (1987).
We are satisfied the Legislature intended the extension to apply to already committed crimes. It had no reason to withhold the remedial measure from reachable situations. We note the general governmental concern with problems raised in the prosecution of child sexual abuse offenses. See N.J.S.A. 2A:84A-32.4; State v. R.W., 104 N.J. 14 (1986); State v. In Interest of K.A.W., 104 N.J. 112 (1986).
The general rule is that new statutes operate prospectively in the absence of a clear expression of contrary legislative purpose. Skulski v. Nolan, 68 N.J. 179, 202 (1975). An exception exists for remedial statutes and changes of procedure, which may be applied to existing causes. Pennsylvania Greyhound Lines, Inc. v. Rosenthal, 14 N.J. 372, 381 (1954). We find it irrelevant whether extension of a statute of limitations is procedural or remedial or substantive, and whether its application to existing causes is conceived to be prospective or retrospective, Busik v. Levine, 63 N.J. 351, 361-367 (1973); Clements v. United States, 266 F.2d 397, 399 (9 Cir.1959). The Legislature expressed in urgent terms its desire to extend the time given infant victims of sexual crimes to complain. No one can place legitimate reliance on the protection of a criminal statute of limitations that has not yet run. In these circumstances, the Legislature had no reason to withhold application of its amendment from crimes already committed but not yet prosecuted.
What of the ex post facto problem? A constitutionally prohibited ex post facto law is one which makes punishment for *517 a crime more burdensome after its commission or which deprives defendant of a defense available when the act was committed. Dobbert v. Florida, 432 U.S. 282, 292, 97 S.Ct. 2290, 2297, 53 L.Ed.2d 344, reh. den. 434 U.S. 882, 98 S.Ct. 246, 54 L.Ed.2d 166 (1977). No ex post facto violation occurs if the change is procedural, and does not increase the punishment or change the ingredients of the offense or the ultimate facts necessary to establish guilt. Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). Many changes in the law following commission of crime may apply without ex post facto violation. See State v. Humanik, 199 N.J. Super. 283, 301-303 (App.Div. 1985).
Over a century ago, New Jersey held that it was impermissible to apply an extended statute of limitations to a crime after the prior statutory period had expired. Moore v. State, 43 N.J.L. 203 (E & A 1881). The Second Circuit Court of Appeals later held otherwise, however, where the extension was made before the original period of limitations expired. Judge Learned Hand said for the court:
Certainly it is one thing to revive a prosecution already dead and another to give it a longer lease of life. The question turns upon how much violence is done to our instinctive feelings of justice and fair play. For the state to assure a man that he had become safe from its pursuit, and thereafter to withdraw its assurance, seems to most of us unfair and dishonest; but while the chase is on, it does not shock us to have it extended beyond the time first set, or if it does, the stake forgives it. [Falter v. United States, 23 F.2d 420, 425-426 (2 Cir.), cert. den. 277 U.S. 590, 48 S.Ct. 528, 72 L.Ed. 1003 (1928)].
The Ninth Circuit made the same ruling in Clements v. United States, 266 F.2d 397 (9 Cir.), cert. den. 359 U.S. 985, 79 S.Ct. 943, 3 L.Ed.2d 934 (1959). So did the Seventh Circuit in United States ex rel Massarella v. Elrod, 682 F.2d 688 (7 Cir.1982). Other states have also. See People v. Holland, 708 P.2d 119 (Colo. 1985); State v. Hodgson, 108 Wash.2d 662, 740 P.2d 848 (1987). See also United States v. Kurzenknabe, 136 F. Supp. 17 (D.N.J. 1955).
We believe the cited cases represent the better view. Accordingly we hold that an extended statute of limitations *518 may constitutionally apply to a charge of crime occurring before its effective date, if that date is before expiration of the period provided by the prior statute.[1]
Affirmed.
NOTES
[1] State v. Frech Funeral Home, 185 N.J. Super. 385 (Law Div. 1982) does not stand against this proposition, and so we have no occasion to evaluate its soundness.