Ledger v. Brodeur                          CV-94-188-B    07/15/94

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE


William Ledger

        v.                            Civil No. 94-188-B

Paul Brodeur, Commissioner
Department of Corrections


**O R D E R**


        William Ledger brings this petition for habeas corpus relief
pursuant to 28 U.S.C. § 2254.  He challenges his conviction for
being a felon in possession of a firearm in violation of N.H.
Rev. Stat. Ann. 159:3 (1991), claiming that his right to due
process was violated because the State presented insufficient
evidence at trial to support his conviction.  In response, Paul
Brodeur moves for summary judgment pursuant to Fed. R. Civ. P.
56.  Finding sufficient evidence in the trial transcript to allow
a rational trier of fact to convict Ledger, I grant Brodeur's
motion for summary judgement.

**FACTS**[1]

On November 17, 1991, New Hampshire State Police Trooper Harry Nedeau and Barnstead Police Officer Todd Palmer met with Ledger while conducting an investigation at his residence. After waiving his Miranda rights, Ledger informed the officers that he did not have any firearms in the house because he understood that, as a convicted felon, he could not possess a firearm.[2]

Thereafter, Trooper Nedeau and Ledger went together to the police station where Nedeau asked Ledger for permission to search his vehicle. When Ledger asked Nedeau to justify the search, Nedeau informed him that he had reason to believe that Ledger's vehicle contained a firearm. Ledger had previously been observed driving a Chevrolet Blazer that was parked adjacent to his residence when he left with Nedeau to go to the police station. Further investigation established that the vehicle was registered to Ledger.

---

[1]**In evaluating the sufficiency of evidence in a habeas corpus proceeding, I review the facts drawn from the trial transcript in the light most favorable to the prosecution.** See Jackson v. Virginia, 443 U.S. 307, 318-20 (1979); Ortiz v. Dubois, 19 F.3d 708, 717 (1st Cir. 1994).

[2]Ledger was convicted of Grand Larceny, a Class E Felony under New York law, on December 11, 1980.

Ledger asked if he was "going to get in trouble for it." Trooper Nedeau replied that if "in fact there were firearms or a firearm in the vehicle he would be charged." At that point, Ledger admitted that there was a .20 gauge shotgun in his vehicle, but he claimed the shotgun did not belong to him. In addition, Ledger stated that when he earlier told the officers that he did not have any firearms in his possession, he was referring to firearms that were actually his.

After obtaining a search warrant, the officers made a thorough search of Ledger's vehicle. The search revealed a .20 gauge shotgun on the rear seat, underneath some cloth material and stereo components. A box of .20 gauge shotgun ammunition was also discovered in a zippered compartment in the vehicle's armrest. The firearm was not visible from outside of the vehicle.

The Belknap County Grand Jury indicted Ledger on February 20, 1992 for knowingly possessing or having under his control a firearm after being convicted of a felony. He was convicted after a jury trial, and sentenced to two-to-five years in the New Hampshire State Prison. The New Hampshire Supreme Court summarily affirmed the conviction on October 12, 1993.

## DISCUSSION[3]

Jackson sets forth the standard for determining the sufficiency of evidence in habeas corpus proceedings.  See 443 U.S. at 318-20; Ortiz, 19 F.3d at 717.  Accordingly, I must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find that the State had proved the essential elements of the crime beyond a reasonable doubt.  Jackson, 443 U.S. at 318-20. See also United States v. Wight, 968 F.2d 1393, 1395 (1st Cir. 1992).

In this case, Ledger was charged with a violation of N.H. Rev. Stat. Ann. 159:3 (1991), which states that "no person who has been convicted in this or any state of a felony against the person or property of another, or who has been convicted of a filing under RSA 318-B, shall own or have in his possession or under his control a pistol, revolver or any other firearm . . . ."  In order to prove a felon in possession charge under

---

[3]Summary judgment is appropriate if there is no "genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  It is appropriate to dispose of this case on a motion for summary judgment because petitioner's challenge to the sufficiency of the evidence raises only a question of law.

5

New Hampshire law, the State must prove the following:  (1) the object seized was in fact a firearm; (2) the defendant knew that the object was a firearm; (3) the defendant knowingly owned, possessed, or exercised control over the firearm; and (4) the defendant had been convicted of a controlled drug felony or a felony against a person or property.  See N.H. Rev. Stat. Ann. 159:3 (1991); State v. Stratton, 132 N.H. 451, 457, 567 A.2d 986, 990 (1989).  The only element in dispute here is whether sufficient evidence was produced to allow a rational jury to conclude beyond a reasonable doubt that Ledger actually exercised control over a firearm on November 17, 1991.

A person has control of a firearm if he has the ability to determine the use and disposition of the firearm.  State v. Pike, 128 N.H. 447, 449-50, 514 A.2d 1279, 1280-81 (1986).  The ability to exercise control over a firearm thus does not require ownership or exclusive access.  See id.  If the evidence demonstrates that a firearm was found in a place over which the defendant exercised control and the defendant was aware of the firearm's location, the evidence is sufficient to establish the defendant's control over the weapon.  See id.; see also State v. Comeau, 114 N.H. 431, 434-36, 321 A.2d 590, 592-93 (1974) (defendant's control over the location and his knowledge of the

6

presence of drugs at that location could prove beyond a reasonable doubt that defendant had custody of the drugs).

The evidence presented in this case was sufficient to allow a rational juror to reach the following conclusions: (1) Ledger knew that, as a convicted felon, he could not possess or have control over a firearm; (2) the shotgun and ammunition were found in his vehicle; (3) the vehicle was parked adjacent to his residence; (4) Ledger had recently been seen driving the vehicle; (5) the shotgun and the ammunition were concealed; and (6) Ledger knew that the shotgun was in the vehicle. From these facts, a rational juror could conclude beyond a reasonable doubt that the shotgun was under Ledger's control as that term is used in N.H. Rev. Stat. Ann. 159:3.[4] Accordingly, Ledger's petition is without merit and the State's motion for summary judgment must be granted.

---

[4]Ledger argues that "mere access to a firearm does not prove control." State v. Haycock, 136 N.H. 361, 363, 616 A.2d 481, 482 (1992). While this is a correct statement of New Hampshire law, it is not dispositive because the State did not rely on mere access to support Ledger's conviction.

## CONCLUSION

For the reasons described in this order, Brodeur's motion for summary judgment (document no. 12) is granted.

The clerk is instructed to issue judgment for the defendant in accordance with this order.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

July 15, 1994

cc:  William Ledger, pro se
     Patrick E. Donovan, Esq.

8