NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2020 VT 96

No. 2020-057

State of Vermont

Supreme Court

v.

On Appeal from
Superior Court, Bennington Unit,
Criminal Division

Robert E. Caron, Sr.

October Term, 2020

John W. Valente, J.

Alexander Burke, Bennington County Deputy State's Attorney, Bennington, for
  Plaintiff-Appellee.

Allison N. Fulcher of Martin Delaney & Ricci Law Group, Barre, for Defendant-Appellant.

PRESENT: Reiber, C.J., Robinson, Eaton and Carroll, JJ., and Skoglund, J. (Ret.),
         Specially Assigned

¶ 1. **EATON, J.** Defendant appeals his conviction for sexual assault–no consent following a trial by jury. He argues the statute of limitations governing the sexual-assault charge against him had expired prior to the commencement of the prosecution, and thus the charge should be dismissed. We agree with defendant that his prosecution is barred by the statute of limitations and therefore vacate his conviction and sentence.

¶ 2. The factual and procedural background is as follows. In June 2018, complainant, then thirty-four years old, reported to the Bennington Police Department that she had been sexually assaulted by defendant when she was a child. Complainant had lived with defendant and his

wife—a biological relative of complainant's—since her birth in November 1983.[1]  They adopted her when she was young.  She had not reported any of the alleged sexual assaults involving the defendant to the police before June 2018.

¶ 3.  The State initially charged defendant with aggravated sexual assault under 13 V.S.A. § 3253(a)(8), asserting that on or about November 5, 1987, defendant, who was then an adult, engaged in a sexual act with complainant, then under thirteen years old.  Subsequently, the State amended the date of the offense as occurring between November 5, 1987, and November 5, 1990.  Before trial, the State amended the date of the offense as occurring between November 5, 1987, and November 5, 1996—or between complainant's fourth and thirteenth birthdays.  The original information and the amendments all charged the sexual offense under the 2018 version of the aggravated sexual assault statute, specifically, 13 V.S.A. § 3253(a)(8).  See 2005, No. 192 (Adj. Sess.), § 10 (amending requirement that victim be under age ten to require that victim be under thirteen, effective immediately).  A trial resulted in a hung jury and the declaration of a mistrial.

¶ 4.  The State sought a second trial.  Moments before it was to begin, in response to concerns raised by the court about the propriety of charging defendant under the current version of the aggravated sexual assault statute rather than the one in effect during the timeframe of the alleged sexual assault, the State amended the charge against the defendant from aggravated sexual assault to sexual assault–no consent, as that statute existed between 1987 and 1996.  See 13 V.S.A. § 3252(a)(1). The amended charge alleged a compelled sexual act without the consent of the other person, to comport with the statutory language in effect at the time of the alleged occurrence.  The information again alleged the incident happened between November 5, 1987, and November 5, 1996.  Defendant raised no objection to the amendment, indicating "the defense is good with

---

[1]  At the second trial, complainant testified that defendant's late wife was her adoptive mother and biological aunt, but generally referred to her as her grandmother.

proceeding this way with this amendment." Neither the defendant nor the State raised any concerns about the statute of limitations at that time.

¶ 5. At the second trial, complainant described sexual assaults by defendant beginning when she was four or five years old as follows. These assaults involved defendant exposing himself to complainant, having her touch his penis, and having her perform oral sex on him. These incidents happened approximately three times when complainant was between four and eight years old. On one other occasion, when she was about seven, complainant remembered riding in a truck with defendant when he veered off course, and feeling a pain in her vagina, but she could not provide more details.

¶ 6. Defendant was convicted of the charged offense of sexual assault and subsequently sentenced to serve five to fifteen years in prison. This timely appeal followed. At no time during the trial court proceedings did defendant raise the issue of the statute of limitations barring this prosecution.

¶ 7. On appeal, defendant raises, for the first time, a claim that the statute of limitations bars the State from prosecuting him for this offense.[2] Whether the application of the statute of limitations bars prosecution is a matter of statutory interpretation that we review de novo. In re Jones, 2009 VT 113, ¶ 5, 187 Vt. 1, 989 A.2d 482.

¶ 8. The statute of limitations for crimes is set forth in 13 V.S.A. § 4501. It is not disputed that during the timeframe of the sexual assault charged in the second trial, the statute of limitations was six years between 1987 and 1990, and was amended in 1990 to extend the limitations period to the earliest of when the victim reached age twenty-four or the date the victim first disclosed the incident to law enforcement. See 1987, No. 48, § 7; 1989, No. 292 (Adj. Sess.),

_____

[2] As noted, the State charged defendant with one count in each of the two trials, although there was testimony concerning multiple sexual assaults occurring within the same general time frame. We express no opinion concerning the application of the statute of limitations to charges which are not before us.

3

§ 1. Nor is it disputed that complainant reached age twenty-four in November 2007, nearly eleven years before she first reported the incidents to law enforcement. In 2013, the statute of limitations was again amended to provide for a forty-year limitations period for sexual assault. 2013, No. 62, § 1. The State does not contest that the statute of limitations on sexual assault, even given the most favorable application to the State, expired for this charge well prior to the legislative extension of the statute in 2013.

¶ 9. The State also does not claim defendant has waived the statute of limitations by statutory process.[3] Instead, the State argues defendant invited error by agreeing to the State's amendment of the information from aggravated sexual assault to sexual assault on the eve of the second trial. Because invited error, if it applied, would resolve this case, we consider the State's argument first. The State's argument lacks merit for several reasons.

¶ 10. Recently, in State v. Morse, we discussed the application of the invited-error doctrine, a form of waiver for which there is no standard of review. 2019 VT 58, ¶ 7, __ Vt. __, 219 A.3d 1309 (holding that where invited-error doctrine applies, there is no review because "the party who invites the error waives or intentionally relinquishes their right to challenge it on appeal" (quotation and alterations omitted)). There, we held that a party cannot induce an erroneous ruling from the trial court and then seek to profit from that ruling on appeal by arguing that it was error. The defendant in Morse agreed unequivocally at trial—and in the face of the State's constitutional concerns—to a jury instruction that statements and words alone were sufficient to support a conviction for disorderly conduct. Following her conviction, the defendant argued on appeal that the instruction was error. We held that a defendant may not inject error into the proceedings by advocating for one type of jury instruction and then attempt to "profit from the legal consequences" of the error by challenging the same instruction on appeal. Id. ¶ 7 (citing State v. Longe, 170 Vt.

_____

[3] A waiver of the statute of limitations by a defendant requires a knowing and voluntary waiver, in writing, and with the consent of the prosecution. 13 V.S.A. § 4503(b).

35, 40 n.*, 743 A.2d 569, 572 n.* (1999)); see also State v. Smith, 2010 VT 15, ¶ 8 n.4, 187 Vt. 600, 992 A.2d 310 (mem.) (distinguishing "between invited error, which bars review where a party 'deliberately considers an issue and makes an intentional decision to forego it,' and plain error, which is subject to review when a party through neglect 'fails to make a proper objection' " (quoting United States v. Cruz-Rodriguez, 570 F.3d 1179, 1183 (10th Cir. 2009)).

¶ 11. The instant case is factually and legally distinguishable from Morse. The record reflects that the decision to amend the charge from aggravated sexual assault to sexual assault was made by the State after the court expressed concerns regarding the appropriate charging language to use. The record does not disclose—and the State does not allege—any involvement by defendant in raising those concerns or in selecting the amended charge.[4] See State v. Rooney, 2011 VT 14, ¶ 30, 189 Vt. 306, 19 A.3d 92 ("Virtually unlimited prosecutorial discretion in charging decisions is no stranger to our law . . . ."); State v. Shippee, 2003 VT 106, ¶ 7, 176 Vt. 542, 839 A.2d 566 (mem.) ("Where there are overlapping criminal offenses with which a defendant could be charged based on the facts, it is within the prosecutor's discretion to choose among them.").

¶ 12. Additionally, unlike in Morse, defendant here did not attempt to induce the court to take any action. In Morse, the defendant affirmatively stated a position on the correctness of a particular jury charge over the State's concerns to the contrary, and then cited those same concerns as a basis for reversal on appeal. Here, the record shows the State made its decision to amend, and announced it, without input from defendant, who merely agreed to proceed on the amended charge. At no time did either party or the court raise concerns about the statute of limitations. See State v.

---

[4] Aggravated sexual assault was a crime during the time period of the alleged offense. Before an amendment in 1989, the statute required serious bodily injury to be sustained during the course of a sexual assault. 1989, No. 293 (Adj. Sess.), § 6. The 1989 amendment provided multiple ways that aggravated sexual assault could be committed. Id. One of those ways—after July 1, 1990—was by a sexual act against a child under the age of ten by an adult age eighteen or older.

Alzaga, 2019 VT 75, ¶ 26, __ Vt. __, 221 A.3d 378 (explaining that invited error doctrine "bars review in situations where a party considers an issue and makes a deliberate choice").

¶ 13. Lastly, even if defendant was aware of the statute-of-limitations issue—a proposition for which there is no support in the record—the State has provided no authority for its apparent position that defendant was under some obligation to come forward and point out to the State, in the minutes before trial, that its prosecution on the amended charge was barred by the statute of limitations. We are aware of no decision, and have been pointed to none, requiring defendant to assist the State in this fashion. There was no invited error here.

¶ 14. Turning to the merits of defendant's argument, he asserts that the statute of limitations cannot be expanded by amendment to revive a prosecution for which the statute has previously expired. He is correct. We addressed this issue previously in State v Petrucelli, where we said,

> once the statute of limitations in effect at the time of the alleged offense runs out—without being extended—a criminal, by grace of the legislature, is granted a right to be free of prosecution despite continuing liability. For a criminal wrongdoer, the attaching of rights and liabilities occur at different times. Liability is fixed at the time of the offense, but the right to freedom from prosecution is fixed at the time the statute of limitations in effect runs out.

156 Vt. 382, 384, 592 A.2d 365, 366 (1991); accord Jones, 2009 VT 113, ¶ 10.

¶ 15. The statute of limitations for sexual assault between 1987 and 1990 was six years. 1987, No. 48, § 7. In 1990, the limitations period under 13 V.S.A. § 4501(c) was expanded to the earliest of when the victim reached the age of twenty-four or when the incident was first reported. 1989, No. 292 (Adj. Sess.), § 1. It is not contested that the first report of this assault occurred in June 2018, nearly eleven years after complainant reached age twenty-four and the statute of limitations expired. That the Legislature expanded the statute of limitations to forty years in 2013 did not revive the expired statute of limitations for this offense. 2013, No. 62, § 1; Petrucelli, 156 Vt. at 384, 592 A.2d at 366.

6

¶ 16.    Defendant asserts the trial court lacked subject-matter jurisdiction over this charge once the statute of limitations expired.  As we made clear in Jones, however, a prosecution commenced after the limitations period has expired is void under the provisions of 13 V.S.A. § 4503(a).  2009 VT 113, ¶¶ 9-10 (recognizing Legislature's "clear and unwavering intent" that "all criminal prosecution proceedings are void when the applicable statute of limitations for the charged crime has run").  The court here retained subject-matter jurisdiction in the broadest sense, but the prosecution was void by operation of law.

Defendant's conviction and sentence for sexual assault is vacated; mandate to issue forthwith.

FOR THE COURT:

_____
Associate Justice

7