933 A.2d 586

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT
v. HOWARD PARKS, DEFENDANT–APPELLANT.

Argued May 1, 2007—Re-argued September
10, 2007—Decided October 25, 2007.

*Eric Tunis,* argued the cause for appellant (*Edwards Angell Palmer & Dodge,* attorneys; *Mr. Tunis* and *Mark D. Debrowski,* on the briefs).

*Carol M. Henderson,* Assistant Attorney General, argued the cause for respondent (*Anne Milgram,* Attorney General of New Jersey, attorney).

*Jeffrey S. Mandel,* argued the cause for *amicus curiae,* Association of Criminal Defense Lawyers of New Jersey (*Day Pitney,* attorneys).

PER CURIAM.

This appeal involves the applicability of the Persistent Offender Accountability Act, *N.J.S.A.* 2C:43–7.1 (the "Three Strikes Law"). It centers on a defendant who was resentenced after an amendment to the Three Strikes Law that declared that its applicability depends on the commission of two or more crimes prior to the crime for which the enhanced sentence is sought and not on the sequence of the prior convictions. Although the defendant in this case had two prior convictions, he did not commit the two predicate crimes prior to the offense at issue here. Thus, the statute is inapplicable to him. We therefore reverse the Appellate Division decision to the contrary and remand the case to the trial judge for a new sentencing under the amended Three Strikes Law.

I

On December 13, 1999, defendant Howard Parks entered a Hilton Hotel in Union County armed with a weapon and took money from the cash drawers. As a result, on October 5, 2001, he was convicted of first-degree armed robbery, contrary to *N.J.S.A.* 2C:15–1. As of that date, defendant had been convicted on two prior occasions for separate and unrelated offenses, an Essex County kidnapping and robbery and a federal bank robbery. The Essex County crimes took place on December 1, 1999, with convictions on January 17, 2001. The federal crime occurred on December 28, 1999, with a conviction on December 1, 2000. Accordingly, at sentencing on January 18, 2002, the State moved for the imposition of an enhanced sentence under the Three Strikes Law on the basis that defendant had three predicate

convictions, or "strikes." At that time the Three Strikes Law read as follows:

> a. Life Imprisonment Without Parole. *A person convicted of a crime* under any of the following: N.J.S. 2C:11–3; subsection a. of N.J.S. 2C:11–4; a crime of the first degree under N.J.S. 2C:13–1, paragraphs (3) through (6) of subsection a. of N.J.S. 2C:14–2; N.J.S. 2C:15–1; or section 1 of P.L. 1993, c. 221 (c. 2C:15–2), *who has on two or more prior and separate occasions been convicted of a crime* under any of the foregoing sections or under any similar statute of the United States, this state, or any other state for a crime that is substantially equivalent to a crime under any of the foregoing sections, *shall be sentenced to a term of life imprisonment by the court, with no eligibility for parole.*
>
> [*N.J.S.A.* 2C:43–7.1 (1995) (emphasis added), *amended by N.J.S.A.* 2C:43–7.1 (2003).]

The judge applied the Three Strikes Law, and imposed the statutorily mandated term of life in prison without the possibility of parole.

Defendant appealed. On April 23, 2003, while defendant's appeal was pending, the Legislature amended the Three Strikes Law. *L.* 2003, *c.* 48, § 1. It now reads:

> a. Life Imprisonment Without Parole. *A person convicted of a crime* under any of the following: N.J.S. 2C:11–3; subsection a. of N.J.S. 2C:11–4; a crime of the first degree under N.J.S. 2C:13–1, paragraphs (3) through (6) of subsection a. of N.J.S. 2C:14–2; N.J.S. 2C:15–1; or section 1 of P.L. 1993, c. 221 (C. 2C:15–2), *who has been convicted of two or more crimes that were committed on prior and separate occasions, regardless of the dates of the convictions,* under any of the foregoing sections or under any similar statute of the United States, this State, or any other state for a crime that is substantially equivalent to a crime under any of the foregoing sections, *shall be sentenced to a term of life imprisonment by the court, with no eligibility for parole.*
>
> [*N.J.S.A.* 2C:43–7.1 (emphasis added).]

On November 24, 2003, the Appellate Division affirmed defendant's conviction, but reversed and remanded his sentence because the trial judge had failed to make the required determination that defendant's prior federal bank robbery conviction constituted a "strike" within the meaning of the Three Strikes Law. On resentencing, in a written opinion dated April 29, 2004, the trial judge decided that defendant's federal conviction was a "strike" for purposes of the statute, and imposed the mandatory sentence of life without parole. Notably, the judge did not indicate whether he applied the original or the amended version of the Three Strikes Law. On May 18, 2006, the Appellate Division affirmed.

We granted certification.[1]  *State v. Parks,* 188 *N.J.* 355, 907 *A.*2d 1014 (2006).

## II

The Three Strikes Law was enacted as "part of a nationwide trend aimed at protecting the public by incarcerating certain third-time offenders for life." *State v. Livingston,* 172 *N.J.* 209, 218, 797 *A.*2d 153 (2002) (citing *State v. Oliver,* 162 *N.J.* 580, 583–84, 745 *A.*2d 1165 (2000)). In its original form, the law counted as "strikes" two or more "convictions" entered on prior and separate occasions.

In 2002, this Court decided *State v. Livingston,* 172 *N.J.* 209, 797 *A.*2d 153 (2002). There, we were confronted with the question of whether the Three Strikes Law applied to "a third-time offender who previously entered two separate guilty pleas for two separate crimes at one plea proceeding and was sentenced for those separate crimes in one sentencing proceeding." *Id.* at 212, 797 *A.*2d 153. In other words, did defendant's two prior contemporaneous convictions occur on "separate occasions," as the 1995 Three Strikes Law required. *Ibid.* We held that defendant's simultaneous convictions were not entered on "separate occasions," and therefore that he was not subject to enhanced sentencing under the Three Strikes Law. *Id.* at 222, 797 *A.*2d 153.

In a concurrence, Justice Stein opined that the Court's construction of the Three Strikes Law was not consistent with the Legislature's intent, and invited the Legislature to amend the statute if it preferred a different result. *Id.* at 225–27, 797 *A.*2d 153 (Stein, J., concurring).

---

[1] The question originally presented to us was whether the "substantially equivalent" analysis engaged in by the trial judge to determine that defendant's federal conviction was a "strike" violated his federal and state constitutional rights to a trial by jury. At oral argument, the issue of the applicability of the amended Three Strikes Law arose and supplemental briefing and argument took place. Because we have concluded that defendant is not subject to an enhanced sentence under the amended version of the law, the initial question presented is moot and need not be addressed.

On April 23, 2003, in direct response to our decision in *Livingston*, the Legislature amended the Three Strikes Law to provide that it would apply where a defendant was convicted of two or more offenses "that were committed on prior and separate occasions, regardless of the date of the convictions." *L. 2003, c. 48*, § 1.

The amendment was introduced in June 2002, with this statement from its sponsor:

Under the "Three Strikes" law, N.J.S.A. 2C:43–7.1, defendants convicted of certain first degree crimes who have previously been convicted, on two separate occasions, of those crimes must be sentenced to life imprisonment without eligibility for parole.... The crimes are murder, aggravated manslaughter, kidnapping in the first degree, certain aggravated sexual assaults, robbery in the first degree, and carjacking.

In *State v. Livingston*, ... the New Jersey Supreme Court ruled that a defendant being sentenced in 1999 for carjacking and other crimes who had two previous convictions for robbery would not be eligible for sentencing under the Three Strikes law due to the rather unusual timing of those prior convictions. The defendant had committed one robbery in 1983 and one in 1985, but pleaded guilty to both robberies *on the same day* in 1985. Because both convictions occurred on the same day, the court held that the statute was not applicable, since the statute literally applies only to those defendants who were convicted "on two or more prior and separate *occasions*."

The sponsor believes that this interpretation of the statute was never intended by the Legislature. In response to the court's decision, this bill amends the Three Strikes law to clarify that it applies to defendants convicted of three crimes which were *committed* on separate occasions; the dates of the defendant's convictions are irrelevant.

[Statement by Sen. Diane Allen to Senate Bill No. 1733 (June 30, 2002).]

In its approval of the amendment, the Assembly Judiciary Committee echoed the sponsor's statement: "In response to [*State v. Livingston*], this bill amends the 'Three Strikes' law to clarify that the Legislature intended that the law applies to a defendant convicted of an enumerated crime who has been convicted of two or more of those crimes that were committed on prior and separate occasions, regardless of the dates of the convictions." Assembly Judiciary Committee Statement to Senate Bill No. 1733 (Jan. 16, 2003).

There is no dispute between the parties over the meaning of the amended act. They agree that it was intended to palliate the

effects of *Livingston* and clarify the Legislature's intention to require the commission of two or more crimes "on prior and separate occasions" regardless of the sequence of convictions. They also agree that if the amended act applies, defendant was not subject to enhanced sentencing. We concur and conclude that the sequence of defendant's crimes does not satisfy the amended statute. Defendant committed the Essex County kidnapping and robbery on December 1, 1999, the Union County robbery (subject offense) on December 13, 1999, and the federal bank robbery on December 28, 1999. Because only one offense was "committed" by defendant prior to that for which Three Strikes sentencing was sought, he did not qualify for enhancement under the amended statute.

## III

The remaining question is whether there is any reason to apply the original version of the Three Strikes Law. None has been demonstrated. To be sure, when defendant was sentenced in January of 2002, the first Three Strikes Law was in effect. However, when he was sentenced anew on April 29, 2004, the prior sentencing was nullified. At that time, the amended law was in effect. Thus, the parties' briefs and arguments on questions of retroactivity and the concomitant effect of the Savings Clause (*N.J.S.A.* 1:1–15) were wide of the mark. Plainly, this case does not involve a retroactivity analysis because no penalty was incurred prior to the amendment. Indeed, when defendant's resentencing took place, the new law had been in effect for a year. That said, and because defendant does not satisfy the strictures of the amendment, he was not subject to the Three Strikes enhancement.

## IV

The judgment of the Appellate Division is reversed. The matter is remanded to the trial judge to be sentenced anew in accordance with the principles to which we have adverted.

*For reversal and remandment*—Justices LONG, LaVECCHIA, ALBIN, WALLACE, RIVERA–SOTO and HOENS—6.

*Opposed*—None.