RECORD IMPOUNDED

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1069-19

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JOHN JACOBUS, a/k/a
JONATHAN W. JACOBUS,
and JOHN W. JACOBS,

      Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

August 11, 2021

APPELLATE DIVISION

Submitted March 24, 2021 – Decided August 11, 2021

Before Judges Ostrer, Vernoia, and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 18-11-0836.

Joseph E. Krakora, Public Defender, attorney for appellant (Zachary G. Markarian, Assistant Deputy Public Defender, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jennifer E. Kmieciak, Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

VERNOIA, J.A.D.

A 2014 amendment to N.J.S.A. 2C:43-6.4(d) increased the penalties for a conviction for violating the conditions of community supervision for life (CSL) by changing the offense from a fourth-degree crime to a third-degree crime and by imposing a presumption of imprisonment on those convicted of the offense. See L. 2013, c. 214, § 4. In 2018, our Supreme Court determined the 2014 amendment constituted an unconstitutional ex post facto law as applied to individuals who were convicted and sentenced to CSL for predicate offenses prior to the amendment but who committed violations of CSL following the amendment. State v. Hester, 233 N.J. 381, 385-86 (2018). This case requires that we determine whether the savings statute, N.J.S.A. 1:1-15, permits the prosecution of defendant John Jacobus, who was sentenced to CSL in 2002 and violated the conditions of CSL following the 2014 amendment, for the fourth-degree offense extant under N.J.S.A. 2C:43-6.4(d) prior to the amendment. We hold defendant was properly prosecuted for the fourth-degree offense.

I.

Following defendant's 2002 conviction of the predicate offense of endangering the welfare of a child, the court's sentence included N.J.S.A. 2C:43-6.4(a)'s then-requirement that defendant comply with the conditions of

A-1069-19

CSL.[1]  At the time, N.J.S.A. 2C:43-6.4(d) provided that a person who violated a condition of CSL "without good cause is guilty of a crime of the fourth degree."  N.J.S.A. 2C:43-6.4(d) (2002); L. 1994, c. 130, § 2.

In amendments to N.J.S.A. 2C:43-6.4 that became effective on July 1, 2014, the Legislature "increased a CSL violation to a third-degree crime," provided for a presumption of incarceration upon conviction of the offense, and required the conversion of a defendant's CSL to parole supervision for life (PSL) following a conviction for violating the conditions of CSL.  Hester, 233 N.J. at 385; see also Brown, 245 N.J. at 93 (explaining the 2014 amendments to N.J.S.A. 2C:43-6.4(a) and (d)); L. 2013, c. 214, § 4.  The change in the crime's degree increased the prison sentence that could be imposed for a conviction for violating the conditions of CSL.  See N.J.S.A. 2C:43-6(a)(3) to (4) (providing a court may impose a three- to five-year sentence of imprisonment for a third-degree offense and a term of imprisonment not to

---

[1]  "In 2003, the Legislature replaced CSL with parole supervision for life . . . , a more restrictive post-release regime."  State v. Brown, 245 N.J. 78, 92 (2021) (citing L. 2003, c. 267).  We note the record on appeal does not identify the endangering-the-welfare-of-a-child offense for which defendant was convicted and sentenced to CSL in 2002.  See generally N.J.S.A. 2C:24-4 (defining endangering the welfare of a child criminal offenses).  As it existed in 2002, however, N.J.S.A. 2C:43-6.4(a) authorized imposition of a sentence requiring compliance with CSL for only one endangering-the-welfare-of-a-child offense: "engaging in sexual conduct which would impair or debauch the morals of [a] child" in violation of N.J.S.A. 2C:24-4(a).  N.J.S.A. 2C:43-6.4(a) (2002); L. 1994, c. 130, § 2.

exceed eighteen months for a fourth-degree offense).  The added requirement that a person convicted of violating the conditions of CSL must have his or her CSL sentence converted to a PSL sentence further increased the penal consequences for a CSL violation.  See State v. Perez, 220 N.J. 423, 441-42 (2015) (explaining the more onerous penal consequences of a PSL sentence as compared to a CSL sentence).

In Hester, the Court considered the constitutionality of the retroactive application of the 2014 amendment increasing the degree of the offense to four defendants who were sentenced to CSL prior to the amendment, but who violated the conditions of CSL following the amendment.  233 N.J. at 384-85. Charged with the third-degree offense established by the 2014 amendment, the defendants moved to dismiss, claiming the amendment unconstitutionally increased the penalties for violating the CSL sentences imposed at the time of their respective predicate convictions.  Id. at 391.

The Court affirmed the trial court's dismissal of the third-degree charges. Id. at 386.  The Court determined the 2014 amendment constituted an unconstitutional ex post facto law as applied to the defendants because it retroactively increased the sentences imposed for their predicate convictions. Id. at 398; see also U.S. Const. art. 1, § 10, cl. 1; N.J. Const. art. IV, § 7, ¶ 3.

The Court explained that "a law that retroactively 'imposes additional punishment to an already completed crime' disadvantages a defendant, and therefore is a prohibited ex post facto law." Hester, 233 N.J. at 392 (quoting Riley v. N.J. State Parole Bd., 219 N.J. 270, 285 (2014)). The Court held the 2014 amendment's increased penalties "attach[] to a condition of [the] defendants' sentences" for their predicate offenses, and that "the 'completed crime[s]'" to which the increased punishment applies "necessarily relate[] back to the predicate offense[s]." Id. at 392. The Court concluded "the 2014 [a]mendment materially altered [the] defendants' prior sentences [for their predicate offenses] to their disadvantage," and unconstitutionally, retroactively increased the punishment for their predicate convictions.[2] Id. at 398.

Months after the Court's decision in Hester, a grand jury charged defendant in an indictment with violating the conditions of the CSL sentence the court imposed for his 2002 predicate endangering-the-welfare-of-a-child

---

[2] The Court in Hester affirmed the dismissal of the indictments charging the defendants with the third-degree offenses under the 2014 amendment to N.J.S.A. 2C:43-6.4(d). Id. at 386. The State did not argue in Hester that, under the savings statute, N.J.S.A. 1:1-15, the fourth-degree offense that existed under N.J.S.A. 2C:43-6.4(d) when the defendants were sentenced for their predicate offenses survived the adoption of the 2014 amendment. The Court therefore had no reason to address the issue.

conviction. The indictment charged defendant with three separate third-degree crimes under N.J.S.A. 2C:43-6.4(d) for violating the conditions of CSL.[3]

Defendant moved to dismiss the indictment. Relying on the Court's decision in Hester, he argued the 2014 amendment to N.J.S.A. 2C:43-6.4(d) that increased the degree of the offense constituted an unconstitutional ex post facto law as applied to him. Defendant further asserted that since N.J.S.A. 2C:43-6.4(d) provides only for a third-degree crime for violating the conditions of CSL, and he cannot be prosecuted for that crime under Hester, there is no offense in our criminal code for which he can be prosecuted for violating the conditions of CSL.

The State acknowledged the Court's decision in Hester did not permit defendant's prosecution for the third-degree offense established by the 2014 amendment to N.J.S.A. 2C:43-6.4(d). The State, however, claimed defendant could be charged with the fourth-degree offense which was proscribed by N.J.S.A. 2C:43-6.4(d) when defendant was sentenced in 2002 to CSL. Relying on N.J.S.A. 1:1-15, the State argued the fourth-degree crime extant under N.J.S.A. 2C:43-6.4(d) was unaffected by the 2014 amendments and therefore could be properly charged against individuals, like defendant, whose CSL

___

[3] The indictment charged defendant with violating CSL by possessing alcohol (count one); refusing to provide a urine sample (count two); and failing to report that he violated CSL (count three).

sentences were imposed prior to the amendments and who violated the conditions of CSL after the amendments. The court agreed. It denied defendant's motion to dismiss the indictment and permitted the State to proceed against defendant on the crimes charged in the indictment as fourth-degree offenses.[4]

Defendant later entered a conditional plea of guilty to a single, amended count of fourth-degree violating CSL under N.J.S.A. 2C:43-6.4(d) (2002). He reserved his right to challenge on appeal the court's denial of his motion to dismiss the indictment. The court later imposed sentence.[5] This appeal followed.

## II.

Defendant asserts the court committed legal error by denying his motion to dismiss the indictment. He contends that when he violated the conditions of CSL in 2018, the criminal code provided only for the third-degree crime for

---

[4] The record does not reflect that the State moved to amend the indictment to charge fourth-degree offenses. In any event, the court's decision on defendant's motion to dismiss the indictment, and the parties' actions following the decision, reflect an understanding defendant would be prosecuted for fourth-degree crimes under N.J.S.A. 2C:43-6.4(d).

[5] Consistent with its application of the version of N.J.S.A. 2C:43-6.4 that existed prior to the 2014 amendments, the court did not apply the presumption of imprisonment or order the conversion of defendant's CSL to PSL in its imposition of sentence on defendant's conviction of the fourth-degree offense.

that offense under the 2014 amendment to N.J.S.A. 2C:43-6.4(d). He reasons that he could not be properly charged with the proscribed third-degree offense under the Court's decision in Hester, and the criminal code therefore lacks any applicable criminal offense for which he can be charged for violating the conditions of CSL. Defendant contends the court erred by finding the savings statute, N.J.S.A. 1:1-15, permits his prosecution for the fourth-degree offense proscribed by N.J.S.A. 2C:43-6.4(d) prior to the 2014 amendments.

Where a court's denial of a motion to dismiss an indictment "hinges on a purely legal question," we review the court's determination de novo. State v. Campione, 462 N.J. Super. 466, 492 (App. Div. 2020). The parties do not dispute the Court's decision in Hester barred defendant's prosecution for the third-degree offense established by the 2014 amendment to N.J.S.A. 2C:43-6.4(d). The only issue presented for our review is whether the motion court correctly determined that under N.J.S.A. 1:1-15, the fourth-degree offense for violating the conditions of CSL survived the 2014 amendments and thereby permits defendant's prosecution for the fourth-degree offense of violating the conditions of his CSL sentence after the amendments' effective date.

In our "interpretation of a statute[,] our overriding goal" is "to determine the Legislature's intent." In re Civ. Commitment of W.W., 245 N.J. 438, 448 (2021) (quoting Young v. Schering Corp., 141 N.J. 16, 25 (1995)). We "look

8

A-1069-19

to the statute's language and give those terms their plain and ordinary meaning." Ibid. (quoting State v. J.V., 242 N.J. 432, 442 (2020)). "If the language is clear, the court's job is complete." Id. at 449 (quoting In re Expungement Application of D.J.B., 216 N.J. 433, 440 (2014)).

N.J.S.A. 1:1-15 provides:

> No offense committed, and no liability, penalty or forfeiture, either civil or criminal, incurred, previous to the time of the repeal or alteration of any act or part of any act, by the enactment of the Revised Statutes or by any act heretofore or hereafter enacted, shall be discharged, released or affected by the repeal or alteration of the statute under which such offense, liability, penalty or forfeiture was incurred, unless it is expressly declared in the act by which such repeal or alteration is effectuated, that an offense, liability, penalty or forfeiture already committed or incurred shall be thereby discharged, released or affected; and indictments, prosecutions and actions for such offenses, liabilities, penalties or forfeitures already committed or incurred shall be commenced or continued and be proceeded with in all respects as if the act or part of an act had not been repealed or altered, except that when the Revised Statutes, or other act by which such repeal or alteration is effectuated, shall relate to mere matters of practice or mode of procedure, the proceedings had thereafter on the indictment or in the prosecution for such offenses, liabilities, penalties or forfeitures shall be in such respects, as far as is practicable, in accordance with the provisions of the Revised Statutes or such subsequent act.

N.J.S.A. 1:1-15 is "applicable to the enactment and operation of" our criminal code. N.J.S.A. 2C:98-1. It "codifies the general rule that a new law

applies prospectively only, not affecting offenses and penalties incurred prior to its enactment, unless the Legislature expresses a clear intent to the contrary." State v. Bellamy, ___ N.J. Super. ___, ___ (App. Div. 2021) (slip op. at 15).

The codification of the general rule is reflected in N.J.S.A. 1:1-15's plain language stating that neither any "offense committed" nor any civil or criminal "liability, penalty or forfeiture . . . incurred" prior to the "repeal or alteration" of any statute "shall be discharged, released or affected by the repeal or alteration of the statute under which such offense, liability, penalty or forfeiture was incurred."[6] N.J.S.A. 1:1-15. Further, N.J.S.A. 1:1-15 makes an express provision for the manner in which offenses committed and penalties incurred that are subject to the general rule shall be treated: "[I]ndictments, prosecutions and actions for such offenses, liabilities, penalties or forfeitures already committed or incurred shall be commenced or continued and be proceeded with in all respects as if the act . . . had not been repealed or altered . . . ." Ibid. (emphasis added).

---

[6]  We recognize N.J.S.A. 1:1-15 includes an exception to the general rule where the repealing or altering statute "expressly declare[s]" "that an offense, liability, penalty or forfeiture already committed or incurred shall be thereby discharged, released or affected." The exception is inapplicable here, and we therefore do not address it, because the 2014 amendment to N.J.S.A. 2C:43-6.4(d) does not include such an express declaration.

The statute includes a temporal component essential to its proper application. It requires a determination whether an "offense committed" or "liability, penalty or forfeiture . . . incurred" is "previous to the time of the repeal or alteration of any act or part of any act . . . [that] discharge[s], release[s] or affect[s] . . . [that] offense, liability, penalty or forfeiture." Ibid. Where the offense is committed, or the liability, penalty or forfeiture is incurred, prior to the repeal or alteration of a statute discharging, releasing or affecting the offense, liability, penalty or forfeiture, the offense, liability, penalty or forfeiture is not discharged, released or affected by the repeal or alteration of the statute. Ibid.

The statute applies to both an "offense committed" and a "liability, penalty or forfeiture, either civil or criminal, incurred." Ibid. There is, however, a distinction between the two that is important to the temporal determination essential to the statute's application. State in Interest of J.F., 446 N.J. Super. 39, 57-58 (App. Div. 2016). "[W]e consider the 'date an offense was committed in determining whether a new law, which discharges, releases or affects an offense, should be applied to that offense . . . .'" Id. at 58 (quoting State in Interest of C.F., 444 N.J. Super. 179, 188 (App. Div. 2016)). In contrast, we "look to the date a penalty was incurred to determine whether a new law . . . discharge[s], release[s] or affect[s] the penalty for the offense."

A-1069-19

Ibid. (quoting C.F., 444 N.J. Super. at 189); see also State v. Chambers, 377 N.J. Super. 365, 374-75 (App. Div. 2005) (applying N.J.S.A. 1:1-15 to analysis of an amendment to the driving under the influence statute reducing the length of the mandatory license-suspension period because the defendant had incurred the license-suspension penalty when sentenced prior to the effective date of the amendment); cf. State v. Parks, 192 N.J. 483, 488 (2007) (finding analysis under N.J.S.A. 1:1-15 inapplicable to an amendment to a statute affecting the defendant's sentence because the defendant had not incurred his sentence prior to the amendment).

Defendant argues N.J.S.A. 1:1-15 is inapplicable because the offenses for which he was indicted occurred in 2018, four years after the 2014 amendment to N.J.S.A. 2C:43-6.4(d). He contends that since his offenses were not "committed . . . previous to the time of the" 2014 amendment, he cannot be properly prosecuted for the fourth-degree offense extant under N.J.S.A. 2C:43-6.4(d) prior to the amendment. Stated differently, defendant argues application of N.J.S.A. 1:1-15 did not save as to him the fourth-degree offense following the 2014 amendment to N.J.S.A. 2C:43-6.4(d).

Defendant relies on State v. Epstein, 175 N.J. Super. 93, 95 (Resent. Panel 1980), where, citing N.J.S.A. 1:1-15, the Resentencing Panel noted that "[p]ersons violating a penal law prior to its amendment may be convicted

12

under the old law, even after the effective date of the amendment." The Resentencing Panel's decision in Epstein is consistent with the well-established principle under N.J.S.A. 1:1-15 that a person who commits a crime in violation of a statute prior to its amendment may only be prosecuted for, and convicted of, the offense existing under the statute in effect when the crime was committed. See State v. Low, 18 N.J. 179, 187-88 (1955) (finding that under N.J.S.A. 1:1-15 the "repeal or alteration of any statute under which an offense was charged does not bar indictment and prosecution for such offense, unless expressly so declared in the act by which such repeal or alteration is effected"); State v. Jones, 183 N.J. Super. 172, 177 n.4 (App. Div. 1982) (noting that under N.J.S.A. 1:1-15 the defendant was properly charged with a crime under Title 2A, which was in effect when the crime was committed, even though the statute under which the offense was charged had been repealed by the enactment of Title 2C); State v. Baechlor, 52 N.J. Super. 378, 395-96 (App. Div. 1958) (permitting prosecution for an offense under the statute in effect when the crime was committed, and not a later amendment to the statute). The principle reflects the general rule embodied in N.J.S.A. 1:1-15's express language: "No offense committed . . . previous to the time of the repeal or alteration of any" statute "shall be discharged, released or affected by the repeal or alteration of the statute under which such offense . . . was

13 A-1069-19

incurred," and all prosecutions shall be made "in all respects as if the act or part of an act had not been repealed or altered."

Defendant's argument ignores the distinction made in N.J.S.A. 1:1-15 between "offenses committed" and "liabilit[ies], penalt[ies] or forfeiture[s] incurred." He argues N.J.S.A. 1:1-15 is inapplicable because his charged offenses were not "committed" prior to the 2014 amendments, but N.J.S.A. 1:1-15 also applies where the amendment of a statute discharges, releases or affects a liability, penalty or forfeiture incurred prior to the amendment. That is the case here.

The 2014 amendment to N.J.S.A. 2C:43-6.4(d) did not modify the elements of the offense of violating CSL. As the Court explained in Hester, for defendants who were sentenced to CSL prior to the 2014 amendments and violate conditions of CSL following the amendments, the enhanced punishment provided by the amendments "materially alter[s]" the original sentences to CSL. 233 N.J. at 398. The Court found "[t]he 2014 [a]mendment[s] to N.J.S.A. 2C:43-6.4 'enhance[] the punitive consequences of the special sentence of CSL'" imposed for their predicate offenses. Ibid. (quoting Perez, 220 N.J. at 442).

Applying the Court's reasoning and holding in Hester, the 2014 amendment to N.J.S.A. 2C:43-6.4(d) repealed and altered the penalty

14

defendant incurred long prior to the amendment, when he was sentenced to CSL in 2002. Indeed, it was because the amendments to N.J.S.A. 2C:43-6.4 retroactively increased the defendants' CSL sentences that the Court in <u>Hester</u> found the amendment to N.J.S.A. 2C:43-6.4(d) constituted an unconstitutional ex post facto law. <u>Ibid.</u>; <u>see also</u> <u>Perez</u>, 220 N.J. at 441-42 (explaining the mandatory conversion of CSL to PSL required under the 2014 amendments to N.J.S.A. 2C:43-6.4 for individuals convicted of violating CSL constituted a retroactive enhancement of an offender's original sentence to CSL).

Because defendant "incurred" the penalty of his original CSL sentence prior to the 2014 amendments, the temporal requirement for application of N.J.S.A. 1:1-15 was satisfied. Under N.J.S.A. 1:1-15, that penalty, which included defendant's exposure to prosecution for the fourth-degree offense of violating the conditions of CSL, was neither "repealed or altered" nor "discharged, released or affected" by the amendments, and, as to defendant, the penalty he incurred prior to the amendments "continued . . . in all respects as if" it "had not been repealed or altered" by the amendments. N.J.S.A. 1:1-15; <u>see also</u> N.J.S.A. 2C:43-6.4(d) (2002).

The fourth-degree offense extant under N.J.S.A. 2C:43-6.4(d) prior to the 2014 amendments that was in effect when defendant was sentenced to CSL, continued in all respects as to defendant's post-amendment violations of

15

CSL. The court therefore correctly determined defendant could be charged with a fourth-degree offense under N.J.S.A. 2C:43-6.4(d) for violating the conditions of CSL and properly denied defendant's motion to dismiss the indictment.

Any arguments made by defendant that we have not expressly addressed are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1069-19