**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3367-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DYQUISE V. LEONARD,
a/k/a DYQUISE B. LEONARD,

    Defendant-Appellant.

_____

Submitted September 27, 2021 – Decided November 12, 2021

Before Judges Rothstadt and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment Nos. 13-10-1238 and 14-04-0496.

Joseph E. Krakora, Public Defender, attorney for appellant (Al Glimis, Designated Counsel, on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Jeffrey C. McElwee Jr., Assistant Prosecutor, on the brief).

PER CURIAM

After defendant Dyquise Leonard pled guilty to first-degree attempted murder, N.J.S.A. 2C:11-3(a) and N.J.S.A. 2C:5-1, and third-degree possession of a controlled dangerous substance (CDS) with intent to distribute, N.J.S.A. 2C:35-5(b)(3), the trial court sentenced him to an aggregate twelve-year custodial term.

On appeal, defendant challenges his sentence on the sole basis that N.J.S.A. 2C:44-1(b)(14), recently enacted by the Legislature and which requires courts to consider a defendant's youth as an independent factor in the sentencing calculus, should apply retroactively. In support, he argues that the retroactive application of the amended legislation is consistent with the Legislature's intent, the amendment is a "mode of procedure" under the general savings clause, N.J.S.A. 1:1-15, and its ameliorative nature warrants application of the amended statute to his appeal.

I.

Defendant's guilty plea for attempted murder arises out of a June 2013 shooting during which he, and two other individuals, fired a gun toward a group who had returned to a Trenton residence to resolve a dispute regarding an earlier robbery. According to defendant, he did not fire the weapon that killed the victim.

2

Defendant's guilty plea with respect to the CDS charge stems from defendant's arrest related to the attempted murder charge, when the police seized ten packets of heroin from his pocket. Defendant was twenty-one at the time of both offenses.

At sentencing, the court considered defendant's age, his education level, and his prior juvenile and adult record. ("Defendant has an extensive juvenile . . . delinquent history . . . is a 24-year-old black male [and] a 2010 high school graduate . . . ."). With respect to the attempted murder charge, the court found applicable aggravating factors three, the risk that the defendant will commit another offense; six, the extent of the defendant's prior criminal record and seriousness of the offenses of which he has been convicted; and nine, the need for deterring the defendant and others from violating the law. N.J.S.A. 2C:44-1(b)(3), (6), (9). The court also applied mitigating factor twelve, the willingness of the defendant to cooperate with law enforcement authorities. N.J.S.A. 2C:44-1(b)(12). As to the CDS charge, the court found applicable aggravating factors three, six, and nine and found no relevant mitigating factors.

After weighing the aforementioned aggravating and mitigating factors, the court sentenced defendant consistent with the plea agreement to concurrent terms of five years with three years of parole ineligibility for the CDS offense,

3

and twelve years for the attempted murder charge, subject to an 85% period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2, along with an additional five years of parole supervision. The court also ordered the sentences run concurrent to a probation violation under a separate accusation.

Three years after defendant was sentenced, the Legislature revised the sentencing criteria to require sentencing courts to consider a defendant's youthful status in mitigation of any aggravating factor if "defendant was under twenty-six years of age at the time of the commission of the offense." L. 2020, c. 110 (eff. Oct. 19, 2020).

Before us, defendant argues:

> POINT I
>
> DEFENDANT IS ENTITLED TO HAVE THE COURT CONSIDER HIS YOUTH AS A MITIGATING FACTOR IN ACCORDANCE WITH P.L. 2020, CHAPTER 110. DEFENDANT'S SENTENCE SHOULD BE VACATED AND THE MATTER REMANDED FOR RESENTENCING.
>
> 1. The October 19, 2020, Statutory Amendment to N.J.S.A. 2C:44-1(b)'s List of Mitigating Factors.
>
> 2. Defendant and Similarly Situated Defendants Are Entitled to a Remand Under the Provisions of the Savings Statute, N.J.S.A. 1:1-15, Because the Amendment Pertained to a Mode of

Procedure, the Proceedings on the Indictment are Ongoing, and a Remand is Practicable.

POINT II

THE AMENDMENT TO N.J.S.A. 2C: 44-1(b) SHOULD BE APPLIED TO DEFENDANT'S PENDING APPEAL UNDER THE TIME-OF-DECISION RULE, BECAUSE IT WAS AN AMELIORATIVE REVISION THAT THE LEGISLATURE ENACTED TO BE EFFECTIVE IMMEDIATELY.

We reject defendant's arguments and affirm. We conclude that defendant's sentence was neither excessive nor illegal, and find no support for defendant's request that we remand for resentencing in accordance with the new sentencing criteria. We also reject defendant's contention that N.J.S.A. 2C:44-1(b)(14) is a "mere matter of practice" or a "mode of procedure," and we are therefore unpersuaded that the savings clause mandates retroactive application of the amended statute for a defendant sentenced prior to its enactment. Finally, we disagree that the time-of-decision rule requires retroactive application, as the Legislature clearly and unequivocally expressed its intention that N.J.S.A. 2C:44-1(b)(14) be applied prospectively, and the common law exceptions to the presumption of prospectivity do not apply.

## II.

In his first point, defendant argues that his sentence should be vacated, and he should be resentenced in accordance with newly enacted sentencing criteria. We disagree.

We review sentencing determinations with a deferential standard of review and do not substitute our judgment for that of the sentencing court. State v. O'Donnell, 117 N.J. 210, 215 (1989). We affirm a sentence unless:

> (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found by the sentencing court were not based upon competent and credible evidence in the record; or (3) "the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience."
>
> [State v. Fuentes, 217 N.J. 57, 70 (2014) (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).]

"[C]ritical to the sentencing process and appellate review is the need for the sentencing court to explain clearly why an aggravating or mitigating factor presented by the parties was found or rejected and how the factors were balanced to arrive at the sentence." State v. Case, 220 N.J. 49, 66 (2014) (citing Fuentes, 217 N.J. at 73).

A-3367-18

Here, defendant faced a sentence of ten to twenty years for first-degree attempted murder, and three to five years for third-degree possession of a CDS with intent to distribute. N.J.S.A. 2C:35-5(a)(1), (b)(3). In imposing an aggregate term of twelve years, the court considered defendant's age and his "extensive" prior criminal history, including twelve juvenile convictions and four probation violations. The judge also expressed concern that the death of the victim was "senseless," observing on this point that "[t]here's too much of this going on throughout . . . Trenton and, hopefully, there will be some deterrent effect as a result of the sentence being imposed here today."

Against this record, we discern no abuse of the court's discretion in either the identification or weighing of the applicable aggravating and mitigating factors or its sentence. Defendant faced a maximum aggregate sentence of twenty-five years for both charges and the court issued a sentence at the lower end of the ordinary term for a first-degree charge. In so doing, the court was clearly cognizant of defendant's age and applied the sentences for the attempted murder charge and the CDS charge concurrently, even though the crimes were "predominantly independent of each other . . . involved separate acts [and] were committed at different times." State v. Yarbough, 100 N.J. 627, 643–44 (1985). As the judge adhered to the sentencing criteria and defendant's sentence does

not shock our judicial conscience, we perceive no basis to disturb defendant's sentence.

Absent an independent basis to remand and resentence defendant, the new mitigating factor does not apply retroactively under our recent holding in State v. Bellamy, 468 N.J. Super. 29 (App. Div. 2021). In Bellamy, we remanded for resentencing to permit the sentencing court to consider previously undisclosed reports from the Division of Child Protection and Permanency records and reconsider the aggravating and mitigating factors before a new judge. Bellamy, 468 N.J. Super. at 45. The defendant in Bellamy had "yet to incur a penalty within the meaning of the savings statute" and was therefore entitled to application of the new mitigating factor at her resentencing. Ibid.

The Bellamy court also limited its holding regarding the retroactive effect of the new mitigating factor, emphasizing "cases in the pipeline in which a youthful defendant was sentenced before October 19, 2020" are not to be "automatically entitled to a reconsideration based on the enactment of this statute alone." Bellamy, 468 N.J. Super at 47–48. Here, as noted, no independent basis exists to remand.

8

III.

Defendant also argues that the court should reconsider his sentence applying the new mitigating factor because the savings clause permits retroactive application of statutory amendments that are procedural, rather than substantive. Specifically, defendant argues that the new mitigating factor qualifies as a "mode of procedure" for "proceedings [. . .] thereafter on the indictment." N.J.S.A. 1:1–15. He further contends that applying the new factor to his sentence is "practicable." Ibid. Again, we disagree.

The savings clause addresses retroactive application of new laws and is "applicable to the enactment and operation" of our criminal code. N.J.S.A. 2C:98-1. It codifies the general rule that a new law applies prospectively only, not affecting offenses committed prior to its enactment, unless the Legislature expresses a clear intent to the contrary. State v. Chambers, 377 N.J. Super. 365, 367 (App. Div. 2005). The savings clause ensures that legislative revision to the criminal code does not end prosecution for conduct which occurred prior to the change. Id. at 372–73; State in Interest of C.F., 444 N.J. Super. 179, 189–190 (App. Div. 2016).

The savings clause also addresses amendments that "relate to mere matters of practice or mode of procedure," explaining that "procedural changes are

generally not applied retroactively to concluded proceedings but do apply to proceedings taking place after the effective date of the new statute." State in Int. of J.D., 467 N.J. Super. 345, 354–55 (App. Div. 2021). In relevant part, the savings clause provides:

> [W]hen the Revised Statutes, or other act by which such repeal or alteration is effectuated, shall relate to mere matters of practice or mode of procedure, the proceedings had thereafter on the indictment or in the prosecution for such offenses, liabilities, penalties or forfeitures shall be in such respects, as far as is practicable, in accordance with the provisions of the Revised Statutes or such subsequent act.
>
> [N.J.S.A. 1:1-15 (emphasis added)].

As we explained in State v. Rose, "new rules relating only to modes of procedure and the conduct of trials, in which no one can be said to have a vested right, apply if they are in effect at time of trial, regardless of when the underlying crime was committed." 425 N.J. Super. 463, 468 (App. Div. 2012) (citing State v. Nagle, 226 N.J. Super. 513, 516–17 (App. Div. 1988)). In other words, "a trial is governed by the rules . . . in existence at the time." Id. at 468.

Defendant relies on several cases from our Supreme Court that have classified laws governing how sentencing determinations are made as "procedural" in nature. In State v. Moran, for example, in reviewing a sentence for a drunk driving offense, the court emphasized the important nature of

10

sentencing "procedures" in protecting a defendant's due process rights and promoting uniformity. 202 N.J. 311, 326 (2010). Additionally, in State v. Jefimowicz, the Court described the sentencing scheme as a four part "procedure" with the weighing of aggravating and mitigating factors as one step. 119 N.J. 152, 162 (1990); see also Miller v. Alabama, 567 U.S. 460, 483 (2012) (referring to a sentencer's consideration of a juvenile offender's "youth and attendant characteristics" as a "procedural component" of the sentencing determination).

None of these cases address N.J.S.A. 2C:44–1(b)(14) specifically and therefore provide little guidance as to the retroactive application of the new mitigating factor. The distinction between a substantive and procedural law is generally characterized by the "primary effect[] on the parties." Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 162 (2003) (Zazzali, J., concurring in part and dissenting in part). A law is substantive if it defines the parties' rights and duties, or if it "alters the range of conduct or the class of persons that the law punishes." Ibid.; Schriro v. Summerlin, 542 U.S. 348, 353 (2004) (citations omitted). Procedural matters, on the other hand, regulate the means through which those rights and duties are enforced. Ferreira, 178 N.J. at 162. In other words, "rules that regulate only the manner of determining the

defendant's culpability are procedural." Schriro, 542 U.S. at 353 (emphasis in original).

Against this background, the new mitigating factor is clearly not a "mode of procedure" or "mere matter of practice." Rather, it is now a substantive provision of our sentencing criteria. While it does not redefine elements of a criminal offense, it may, in certain circumstances, result in the reduction of a youthful defendant's criminal penalty. By adding youth as an independent mitigating factor, the new law adds to other substantive considerations under N.J.S.A. 2C:44–1(b), including the defendant's conduct, criminal history and his "character and attitude." N.J.S.A. 2C: 44–1(b)(1)–(13). At bottom, the "primary effect" of the new mitigating factor on a defendant is the potential reduction of any sentence that may be imposed, not merely the manner in which the sentence is determined by the sentencing court.

Because we find the new mitigating factor does not qualify as a mode of procedure, we need not apply it here. The rules "in existence at the time" of defendant's sentencing in 2017 properly governed that proceeding. We therefore do not reach defendant's argument regarding the "practicable" application of the amended statute. N.J.S.A. 1:1-15. We note, however, that to retroactively apply the new mitigating factor would open the door to reconsideration of countless

12

sentences imposed prior to the amendment's effective date—an outcome the Legislature was undoubtedly aware and which it elected not to permit in the amended legislation, evidenced by its clear decision to apply the new mitigating factor prospectively, see infra at page 19.

Additionally, there is no other provision of the savings clause that would permit application of the new statute to a defendant who has already been sentenced. The clause distinguishes between "offenses committed" and "penalties incurred" when determining whether a law may be applied retroactively. We have explained the distinction as one of timing. "[W]e look to the date an offense was committed in determining whether a new law, which discharges, releases or affects an offense, should be applied to that offense, but we look to the date a penalty was incurred to determine whether a new law should discharge, release or affect the penalty for the offense." C.F., 444 N.J. Super. at 188–89.

Ordinarily, if an offense is committed and the defendant sentenced prior to the enactment of a new penal law, the new law will not apply retroactively. Id. at 189. However, if the defendant's penalty is not incurred until after the new law is passed, the savings clause permits application of the amended version. State v. Parks, 192 N.J. 483, 488 (2007); see also C.F., 444 N.J. Super.

at 187 (holding that sentencing defendant in accordance with the law in effect at the time of his conviction and sentencing, rather than the law in effect at the time of his offense, was proper under the savings clause); Chambers, 377 N.J. Super. at 374 (holding that retroactive application of amended sentencing law was not necessary when "both defendant's violation of N.J.S.A. 39:4-50 and his conviction and sentence in municipal court occurred before the effective date of the 2004 amendment").

The clause "expressly prohibits" retroactive application of statutory enactments unless the statute contains a legislative declaration to the contrary. Chambers, 377 N.J. Super. at 372. Pursuant to the savings clause, a new law will not affect a penalty already incurred, absent a clearly conveyed intention from the Legislature that the new law be afforded retroactive application. C.F., 444 N.J. Super. at 188.

Here, defendant pled guilty and was sentenced prior to the enactment and effective date of the new law. Defendant committed the offenses in 2013 and was sentenced in 2017. The new mitigating factor, however, did not become effective until October 19, 2020. L. 2020, c. 110, § 2. The savings clause therefore does not permit application of mitigating factor fourteen to defendant because his penalty was "incurred" prior to the amendment's effective date, and

14

he had begun serving that sentence when the new law was enacted. Moreover, retroactive application of N.J.S.A. 2C:44–1(b)(14) would be contrary to the clear legislative intent that the law apply prospectively.

IV.

In defendant's second point, he argues that the ameliorative nature and immediate effective date of N.J.S.A. 2C:44–1(b)(14) mandate its retroactive application to his pending appeal under the time-of-decision rule. We are not persuaded.

The time-of-decision rule provides that "an appellate court on direct review will apply the statute in effect at the time of its decision, at least when the [L]egislature intended that its modification be retroactive to pending cases." Kruvant v. Mayor & Council Township of Cedar Grove, 82 N.J. 435, 440 (1980). The time-of-decision rule applies "when, after a lower court or administrative agency decision, there is a change in the relevant law that governs the disposition of the issues on appeal. The question in such cases is which law should control the reviewing court's decision: the law in effect when the issues arose . . . or the new or amended law that is in effect at the time the appellate court must render its decision." Riggs v. Long Beach Twp., 101 N.J. 515, 520–21 (1986). "Under this rule, all cases pending on the effective date of a statutory

15

amendment are controlled by that change." Regent Care Ctr., Inc. v. Hackensack City, 20 N.J. Tax 181, 188 (2001).

To address defendant's argument, we begin with the well-settled proposition that new criminal legislation is presumed to have prospective effect because "'retroactive application of new laws involves a high risk of being unfair'" and may implicate due process rights. State v. J.V., 242 N.J. 432, 443 (2020) (quoting Gibbons v. Gibbons, 86 N.J. 515, 522 (1981)); Twiss v. Dep't of Treasury, 124 N.J. 461, 466-67 (1991). The initial presumption of prospectivity is a rule of statutory interpretation, requiring "a search for legislative intent," as well as a reading of the language for its "ordinary or plain meaning." Twiss, 124 N.J. at 467, 471; Rothman v. Rothman, 65 N.J. 219, 224 (1974). If the language of the statute clearly reflects the Legislature's intent, then the court applies the law as written, affording the terms their plain meaning. J.V., 242 N.J. at 442. If the language is ambiguous, "we may resort to 'extrinsic interpretative aids, including legislative history' to determine the statute's meaning." Ibid. (quoting State v. S.B., 230 N.J. 62, 68 (2017)).

In light of these considerations, the new mitigating factor will be applied prospectively unless one of three well-settled exceptions applies. Gibbons, 86 N.J. at 522–23 (1981); James v. New Jersey Manufacturers Ins. Co., 216 N.J.

16

552, 563 (2014). Specifically, a new law may be afforded retroactive application when: 1) the Legislature provided for retroactivity expressly, either in the language of the statute itself or its legislative history, or implicitly, by requiring retroactive effect to "make the statute workable or to give it the most sensible interpretation"; 2) "the statute is ameliorative or curative"; or 3) the parties' expectations warrant retroactive application. James, 216 N.J. at 563 (citing Gibbons, 86 N.J. at 522–23).

Under the first exception, we must "'determine as best we can the intent of the Legislature [and] give effect to that intent.'" S.B., 230 N.J. at 67 (quoting State v. Robinson, 217 N.J. 594, 604, (2014)). Our Supreme Court has held that newly enacted legislation with "effective immediately" language indicates prospective intent. See State v. Parolin, 171 N.J. 223, 233 (2002) (holding that amendments to the No Early Release Act (NERA) removing the offense for which defendant was convicted did not apply retroactively when the new law became "effective immediately"); Pisack v. B&C Towing, Inc, 240 N.J. 360, 370 (2020) (holding that an amended statute's immediate effective date "bespeak[s] an intent contrary to, and not supportive of, retroactive application" (quoting Cruz v. Cent. Jersey Landscaping, Inc., 195 N.J. 33, 48 (2008))).

Under the second exception, retroactive application is warranted if "the statute is ameliorative or curative." Gibbons, 86 N.J. at 523. The term ameliorative "refers only to criminal laws that effect a reduction in a criminal penalty." State in Interest of J.F., 446 N.J. Super. 39, 54 (App. Div. 2016). Specifically, "[i]t is the reduction of a criminal penalty which constitutes the amelioration . . ." D.C. v. F.R., 286 N.J. Super. 589, 605 (App. Div. 1996). "To be afforded retroactive application, an ameliorative statute 'must be aimed at mitigating a legislatively perceived undue severity in the existing criminal law.'" Id. at 55 (quoting Kendall v. Snedeker, 219 N.J. Super. 283, 286 n.1 (App. Div. 1987)). However, not "[e]very statutory amendment which ameliorates or mitigates a penalty for a crime is . . . automatically subject to a presumption of retroactivity." Kendall, 219 N.J. Super. at 286 n.1.

Similarly, a curative change to a statute is limited to acts that "remedy a perceived imperfection in or misapplication of the statute." Pisack, 240 N.J. at 371 (quoting James, 216 N.J. at 564). A curative change does not "alter the act in any substantial way, but merely clarifie[s] the legislative intent behind the [previous] act." Ibid. (alterations in original) (quoting James, 216 N.J. at 564). Through explanation or clarification, the new law brings the existing law into "harmony with what the Legislature originally intended." Ibid. An amendment

to a statute will "not [be] considered 'curative' merely because the Legislature has altered a statute so that it better serves public policy objectives." Ardan v. Bd. of Rev., 231 N.J. 589, 612 (2018).

Under the third exception, we have applied a statute retroactively when "the parties' expectations warrant retroactive application." J.V., 242 N.J. at 444. When conducting our analysis under this prong, we "look at the controlling law at the relevant time and consider the parties' reasonable expectations as to the law." Johnson v. Roselle EZ Quick LLC, 226 N.J. 370, 389 (2016). "An expectation of retroactive application 'should be strongly apparent to the parties in order to override the lack of any explicit or implicit expression of intent for retroactive application.'" James, 216 N.J. at 573.

Analysis of these exceptions is unnecessary, however, where the Legislature has expressly provided for prospective application. J.V., 242 N.J. at 444–445 (2020). Indeed, where the Legislature has clearly conveyed its intention for prospective application of an amended statute, "we need not consider the exceptions to the presumption of prospective application of a new statute." Id. at 445 (citing Gibbons, 86 N.J. at 522–23).

Here, as noted, the amendment's immediate effective date clearly demonstrates the Legislature's intent that the law apply prospectively, see

Pisack, 240 N.J. at 373, and we therefore find no basis to apply the time-of-decision rule, particularly when defendant's appeal was not pending on the effective date of the amended statute. Further, when the legislative intent is "plain and unambiguous," we need not reach a retroactivity analysis under the exceptions to the rule of prospectivity as "the interpretative process ends." J.V., 242 N.J. at 442–43 (2020). In other words, the exceptions presuppose a circumstance where, unlike here, the Legislature did not express its intention that a revised statute should apply prospectively. See James, 216 N.J. at 444. Finally, even were we to accept the ameliorative nature of the new mitigating factor, the prospective nature of the amended statute militates against new sentencing proceedings for defendants, who, like defendant here, were convicted, sentenced, and failed to establish an independent basis for resentencing. See Bellamy, 468 N.J. Super. at 46–47.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3367-18